[Sac. No. 1321.   Department Two.—January 25, 1905.]

In the Matter of the Estate of CECELIA HOLT, Deceased. ANNA LOUTTIT, Appellant, v. J. G. STROHMEIER, and L. H. LANG, Executors, et al., Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION UNDER WILL—DEVISE OF RESIDUE TO NEPHEWS AND NIECES—DAUGHTER BY FORMER MARRIAGE.—Under a will devising the residue of the estate of the testatrix to her nephews and nieces, distribution was properly limited to the children of her brothers and sisters, and the daughter of the wife of a brother by a former marriage was properly excluded from such distribution.

ID.—EVIDENCE—DECLARATIONS OF TESTATRIX—INTENTION TO BE FOUND IN LANGUAGE OF WILL.—Where the declarations of the testatrix failed to show that she considered and treated the brother's wife's daughter by the former marriage as her niece, evidence of her declarations made after the will was executed, that while she was not her niece she wanted her to be remembered in the will, and considered the same as her other nieces, was inadmissible. The intention of the testatrix must be found in the language used in the will, and not in her oral declarations as to what she intended.

APPEAL from a decree of the Superior Court of San Joaquin County distributing the estate of a deceased person. Frank H. Smith, Judge.

James A. Louttit, for Appellant.

Ashley & Neumiller, and Nicol & Orr, for Respondents.

McFARLAND, J.—This is an appeal by Anna Louttit from that part of the decree of distribution in this estate which distributes certain property of the deceased to other persons to the exclusion of the appellant.

The deceased left a will in which, after certain specific legacies, she refers to the rest and residue of her property and says: "And I give and bequeath such residue and rest of my estate to my nieces and nephews...share and share alike." By the decree of distribution the said residue is distributed to certain persons who are the nieces and nephews, and they are the only nieces and nephews of the testatrix; and among them the appellant was not included. Appellant is not a niece of the testatrix; she is the daughter by a former marriage of a Mrs. Hunter, who afterwards married John Fisk, a brother of the testatrix. She was about six years old when her mother married Fisk, and lived in the family with her mother and Fisk. Her name until she was married was Anna Hunter. Appellant's contention is, that upon the evidence introduced in the case she should be held as within the class designated in the will as "my nieces and nephews." It is hardly necessary in this case to discuss the question whether the well-known meaning of "nieces and nephews"—that is, children of brothers and sisters—is not so free from either latent or patent ambiguity as to leave no room for explanatory extrinsic evidence; because the evidence introduced by appellant fails to show that she was a niece in a secondary or remote sense of the word—even if such evidence could be supposed to be admissible. The appellant introduced two witnesses on the subject—Mrs. Strohmeier, a sister of the testatrix, and her daughter, Ethel Strohmeier. The former testified to parts of a letter—the other parts having been lost or destroyed—from a sister of the testatrix to the appellant, which is of no consequence except that it closes with the words "with love to all from your Aunt Tina"; and in answer to the question if

appellant was taken into the family of John Fisk and treated as one of the family, the witness said: "Of course her mother took her and she lived right with her mother." She also said that the only nephews and nieces of the testatrix of whom she had any knowledge were those mentioned in the petition for distribution. The witness Ethel was asked what, if anything, the testatrix had said to her, after the making of the will, about the appellant. To this question respondent objected on the ground that declarations of the testatrix either before or after the making of the will were not competent evidence. The court intimated that this was the rule under the Civil Code, and counsel for appellant said that the purpose of the proposed testimony was not to vary the will, but to get declarations as to the relationship between the testatrix and the appellant, whereupon the court said: "I will permit you to go on to that extent, if it is no declaration on her part as to what she meant by the will, as to the relationship I will admit that." The witness then testified by question and answer as follows: "A. Well, after the will had been made she was thinking over it and she said that while Anna Louttit was not her niece she felt she would like to remember her and that she wanted her to be considered the same as her other nieces.

"Q. The same as her other nieces?—A. That is she did not consider her a niece, but she wanted her to come—to be brought in the will the same as the rest of them.

"Q. She did not consider her a niece by blood, was that it, was not a blood relation?—A. Well, she never spoke of her as a niece at all, she did not consider her a niece, but then she wanted her to be remembered in the will."

Mrs. Strohmeier was recalled and said that the appellant had addressed the testatrix as "aunt," but to this question, "Did you ever hear Mrs. Holt speak of her as a niece, anything about that?" she answered, "No."

The above was substantially all the evidence introduced by appellant on the subject. And we think that the evidence fails to show that the court was not justified in finding that appellant is not a legatee under the will. The evidence does not show—even if it were permissible to introduce evidence to show—that the appellant was so treated and considered by the testatrix as a niece as to bring her, in any sense, within the category of "my nieces and nephews." The declaration

of the testatrix to the witness Ethel, after the making of the will, that "she would like to remember" the appellant, etc., did not in any manner change the will, and was indeed inadmissible, and was not within the purpose for which the testimony of the witness was admitted by the court. The intention of a testator must be found in the language used in the instrument—not in his oral declarations as to what he intended. Under any view of the law, the declarations of the testatrix were admissible only as evidence of the fact that she always treated and considered appellant as her niece, and the evidence introduced entirely fails to show that fact. In the case of *Grant* v. *Grant*, 5 L. R. (Eng.) 727, cited by appellant, the facts were very different from those in the case at bar—even if that case can be considered as rightly decided; but the case was substantially overruled in the later English case of *Wells* v. *Wells,* reported in 18 L. R. 504.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.